IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY MARSHALL NOLES,
Inmate No. 9991058837
      Plaintiff,

vs.                              Case No.: 3:18cv788/MCR/EMT

GIOVANNI GELANO, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 10).  Plaintiff was granted leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state an actionable claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Plaintiff, who is currently incarcerated at the Escambia County Jail, complains about an incident that evidently occurred prior to his incarceration as it involves his landlord's pit bull.  Plaintiff alleges that the pit bull attacked Plaintiff's dog and then attacked Plaintiff when he tried to intervene (ECF No. 10 at 5).  He names as Defendants the landlord, the landlord's wife, and the business that owns the property where the attack occurred (*id.* at 2, 5).  Plaintiff claims violations of Florida's landlord and tenant law as well as strict liability under Florida law.  As relief, he seeks monetary damages.

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:  (1) the plaintiff was deprived of a federal right; and (2) that the deprivation was caused by a person acting under color of state law.  *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  Here, Plaintiff alleges Defendants violated only state tort law; he does not allege any violation of the Constitution or federal law.  Therefore, this court does not have jurisdiction under § 1983.

Moreover, because private citizens do not normally act under color of state law, they are not ordinarily subject to suit under Section 1983.  *See* West v. Atkins, 108 S. Ct. 2250, 2255, 487 U.S. 42, 49 (1988); Allaben v. Howanitz, 579 F. App'x 716, 718 (11th Cir. 2014); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private defendants can be held liable under Section 1983 only when they act "in concert with" state actors while depriving others of constitutional rights.  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990).  "The plaintiff attempting to prove such a conspiracy must show that the parties reached an understanding to deny the plaintiff his or her rights.  The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."  Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting Bendiburg, 909 F.2d at 468).  Thus, unless such a conspiracy is shown, landlords such as the Defendant in the instant action are private parties that are not susceptible to suit under Section 1983. *See* Garay v. Liriano, 839 F. Supp. 2d 138, 141–42 (D.D.C. 2012); Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 195 (3d Cir. 2005)); *see also*  Cobb v. Georgia Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985).

This case is simply a tort claim raised under state law against other private citizens, a landlord and property owner.  Because Defendants cannot be deemed state actors for purposes of this litigation, Plaintiff's claims are subject to dismissal.

Finally, Plaintiff's claims are raised under only state, not federal, law.  The violation of a state law does not form the basis of a constitutional claim cognizable under section 1983.  Snowden v. Hughes, 321 U.S. 1, 11, 64 S. Ct. 397, 402, 88 L. Ed. 497 (1944); Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993).  To the extent Plaintiff's claims would be actionable, they should be brought in the appropriate state court.

Accordingly, it respectfully **RECOMMENDED**:

1.     That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 21st day of June 2018.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**